## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : |
| **v.** | :  CR 19-118 (TSC) |
| | : |
| **DELONTE MUNDARAY** | : |
| | : |
| **Defendant.** | : |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

#### Introduction

Delonte Mundaray, a twenty-four (24) year old male with a criminal history that includes a prior drug distribution conviction, has been charged in a one-count indictment with Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). Mr. Mundaray, having been convicted of three prior felony offenses, was aware that he was not allowed to possess a firearm. His previous criminal history and now, possession of a firearm, support the government's contention that the defendant should be held without bond pending trial to ensure the safety of the community.

1

## Procedural History and Applicable Authority

At the initial appearance on April 4, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute.  The Court set a detention hearing for Tuesday, April 9, 2019.

The government contends that the defendant is a danger to the community.  The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988).  In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  *See* 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Mr. Mundaray should be detained. *See* 18 U.S.C. § 3142(e)(1).

## Nature and Circumstances of the Offenses Charged

On Wednesday, April 3, 2019 at approximately 11:09 A.M., members of the Metropolitan Police Department's (MPD) Narcotics and Special Investigation Division (NSID) Gun Recovery Unit (GRU) were on patrol in the in the 4400 block of Falls Terrace, S.E., Washington, D.C.

MPD Officers Murrell, Green, Tariq, and Ledesma drove east in the 4400 block of Falls Terrace, S.E. and observed a group of three males on the right hand side of the street conversing on the sidewalk. As the males observed the officers presence, they immediately lifted up their shirts exposing their waistband to officers without officers making any verbal contact with them.

MPD Officers Tariq and Green exited the vehicle with the intentions of making contact with the group when a black male, later identified as Delonte Mundaray, took an unprovoked flight from the officers and attempted to run into a locked apartment door at 4411 Falls Terrace, S.E. in Washington, D.C. and was immediately stopped by Officers Green and Tariq. Officer Tariq immediately observed the muzzle and barrel of a firearm protruding from the defendant's halfway unzipped jacket that he was wearing.

The firearm was identified as a black in color Glock 23, .40 caliber handgun with an obliterated serial number and was located in the defendant's left sweat hood pocket that he was wearing. The weapon had one (1) round loaded in the chamber. The weapon was also loaded with an extended magazine with an unknown capacity and loaded with twenty (20) total rounds.

Accordingly, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that Mr. Mundaray was illegally in possession of a loaded firearm. Mr. Mundaray should remain detained.

### Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against Mr. Mundaray is strong. As set forth above, MPD officers pursued the defendant after he took unprovoked flight from the officers. After being stopped, MPD Officer Tariq observed the muzzle and barrel of a firearm protruding from the defendant's

3

jacket.  *See* Government's Exhibit #1 (attached).  The firearm was loaded with eleven rounds of ammunition.  *See* Government's Exhibit #2 (attached).

## Mr. Mundaray's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention.  This constitutes Mr. Mundaray's fourth felony offense.  Specifically, the defendant has the following prior convictions: Possession with Intent to Distribute Cocaine (Washington, D.C., 2016); Fleeing Law Enforcement Officer (Washington, D.C., 2016); Destruction of Property $1000 or More (Washington, D.C. 2016) and Aggravated Reckless Driving - Speeding (Washington, D.C., 2016).  The government would further note additional information contained on Page 4 of the defendant's Pretrial Services Agency report. The defendant has demonstrated that he cannot be trusted to refrain from engaging in criminal conduct as he has now again been arrested and charged with illegally carrying a loaded firearm.   Mr. Mundaray should not be released.

## Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.  The charged offense involves the defendant's possession of a loaded firearm despite being legally barred from such possession.

The firearm that Mr. Mundaray possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community.  Mr. Mundaray's criminal history and possession of a loaded firearm, overwhelmingly demonstrate that he is a danger to the community. In order to protect the community, the defendant should be held without bond pending trial.

4

## Conclusion

The government respectfully requests that this Court detain Mr. Mundaray pending trial because he has demonstrated that he is a danger to the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By: _____/s/_____

LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel Tony Axam, via the Electronic Case Filing (ECF) system, this 8th day of April, 2019.

_____/s/_____

LISA NICOLE WALTERS
Assistant United States Attorney

5

# GOVERNMENT'S
# EXHIBIT #1



# GOVERNMENT'S
# EXHIBIT #2

